UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                                                                          BKY No. 09-50779

Dennis E. Hecker,                                                                   Chapter 7 Bankruptcy

       Debtor.
_____

Randall L. Seaver, Trustee,                                                    ADV Case No. 09-5043

       Plaintiff,

vs.

Dennis E. Hecker,

       Defendant.
_____

## APPLICATION FOR DEFAULT JUDGMENT

TO:    DENNIS E. HECKER, BY AND THROUGH HIS COUNSEL OF RECORD, WILLIAM R. SKOLNICK, SKOLNICK & SHIFF, P.A., 2100 RAND TOWER, 527 MARQUETTE AVENUE SOUTH, MINNEAPOLIS, MN 55402.

    1.    PLEASE TAKE NOTICE that Randall L. Seaver, Trustee and Plaintiff, applies to the Court for the entry of a default judgment against Dennis E. Hecker ("**Defendant**").

    2.    The Court has jurisdiction over this motion pursuant to 28 U.S.C. §§157 and 1334, Bankruptcy 5005 and Local Rule of Bankruptcy Procedure 1070-1. This is a core proceeding. The petition commencing this Chapter 7 case was filed on June 4, 2009. This case is now pending in this Court.

    3.    This is an application for default judgment under Bankruptcy Rule 7055 and Local Rule of Bankruptcy Procedure 7055-1.

4. The Debtor's schedules were filed on July 1, 2009. The time for the Trustee to object to the exemptions was extended by Stipulation and Order through September 30, 2009. The Debtor filed an Amended Schedule C on August 21, 2009, and filed another Amended Schedule C on September 12, 2009.

5. Each Schedule C filed by the Debtor asserts an exemption interest of $9,450.00 in household goods and furnishings. The most recent Amended Schedule C asserts an exemption in such items located at 11700 Cross Avenue, Crosslake, MN ("**Large Crosslake House**"). The claimed exemption was denied by this court's October 28, 2009 order.

6. The Trustee needs to obtain possession of the households goods and furnishings and all other personal property in and around the Large Crosslake House so that those items may be liquidated.

7. In addition to other personal property located in and around the Large Crosslake House, there is an extensive dock and boat lift system at the Large Crosslake House which has substantial value. A copy of an estimate of value apparently provided by Waterfront Services, Inc., and given to the Trustee by the Debtor's attorney, is attached to the Complaint as Exhibit A. The Trustee has also tried to consummate a sale of the dock and boat lift system to the Debtor but, to date, Debtor has not been willing or able to close the transaction. The Trustee needs to obtain possession of those items so they may be liquidated.

8. Defendant filed no answer, defense, or response of any kind to the Adversary Complaint within the 30-day time period allowed by Rule of Bankruptcy Procedure 7012(a), except that Defendant requested an extension of time to submit an Answer. By Order of the Court dated October 23, 2009, said deadline was extended to November 5, 2009. No Answer has been filed.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in favor of the Plaintiff, and against Defendant Dennis Hecker, on the grounds that he has failed to answer the Summons and Adversary Complaint served upon it in this case, and for such other relief as is just and equitable.

**LEONARD, O'BRIEN SPENCER, GALE & SAYRE, LTD.**

Dated: March 2, 2010

By    /e/ Matthew R. Burton
Matthew R. Burton, #210018
Attorneys for Plaintiff
100 South Fifth Street, Suite 2500
Minneapolis, MN 55402
Phone: (612) 332-1030

## **VERIFICATION**

       The undersigned, Randall L. Seaver, Trustee and Plaintiff, under penalty of perjury, hereby states that he has read the foregoing Application for Default Judgment and states that the information contained herein is true and correct to the best of his information and belief.

|  |  |
|---|---|
|  | /e/ Randall L. Seaver |
| Dated: March 2, 2010 | _____ |
|  | Randall L. Seaver |

416521

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:                                                              BKY No. 09-50779

Dennis E. Hecker,                                Chapter 7 Bankruptcy

        Debtor.

_____

Randall L. Seaver, Trustee,                         ADV Case No. 09-5043

        Plaintiff,

vs.

Dennis E. Hecker,

        Defendant.
_____

## AFFIDAVIT ON THE MERITS AND THE AMOUNT DUE

STATE OF MINNESOTA   )
                                   ) ss.
COUNTY OF RAMSEY     )

       The Trustee, Randall L. Seaver ("**Trustee**"), being first duly sworn on oath, deposes and states as follows:

       1.    I am the Plaintiff herein and the duly appointed Chapter 7 Trustee of the Bankruptcy Estate of Dennis E. Hecker.

       2.    The Bankruptcy Estate's costs in this matter are:

| | | | |
|---|---|---|---|
| A. | Filing fee | - | $250.00 |
| B. | Certified Mail | - | 5.54 |
| C. | Statutory fee<br>(28 U.S.C. §1923) | - | 20.00 |
| | TOTAL | - | $275.54 |

3. This bankruptcy case was commenced on June 4, 2009 by the filing of a Chapter 7 petition and the undersigned was appointed to administer the Estate.

4. The Debtor's schedules were filed on July 1, 2009. The time for the Trustee to object to the exemptions was extended by Stipulation and Order through September 30, 2009. The Debtor filed an Amended Schedule C on August 21, 2009, and filed another Amended Schedule C on September 12, 2009.

5. Each Schedule C filed by the Debtor asserts an exemption interest of $9,450.00 in household goods and furnishings. The most recent Amended Schedule C asserts an exemption in such items located at 11700 Cross Avenue, Crosslake, MN ("**Large Crosslake House**"). The claimed exemption was denied by this court's order of October 28, 2009.

6. The Trustee needs to obtain possession of the households goods and furnishings and all other personal property in and around the Large Crosslake House so that those items may be liquidated.

7. In addition to other personal property located in and around the Large Crosslake House, there is an extensive dock and boat lift system at the Large Crosslake House which has substantial value. A copy of an estimate of value apparently provided by Waterfront Services, Inc., and given to the Trustee by the Debtor's attorney, is attached to the Complaint as Exhibit A. The Trustee has also tried to consummate a sale of the dock and boat lift system to the Debtor but, to date, Debtor has not been willing or able to close the transaction. The Trustee needs to obtain possession of those items so they may be liquidated.

9. Defendant filed no answer, defense, or response of any kind to the Adversary Complaint within the 30-day time period allowed by Rule of Bankruptcy Procedure 7012(a), except that Defendant requested an extension of time to submit an Answer. By Order of the

Court dated October 23, 2009, said deadline was extended to November 5, 2009. No Answer has been filed.

10. The Summons and Complaint were duly served on Defendant by certified mail, return receipt requested, and by first-class mail on September 22, 2009.

11. I request that the Court enter a default judgment against Defendant Dennis Hecker for the following:

    (a) The personal property in and around the Large Crosslake Home and the dock and boat lift system are all property of the bankruptcy estate pursuant to 11 U.S.C. §541.

    (b) The defendant is required to surrender that property to the Trustee under 11 U.S.C. §521(a)(4).

    (c) The trustee is entitled to immediate possession of the personal property including the dock and boat lift system in and around the Large Crosslake House.

    (d) For such other and further relief as the Court deems just and equitable.

**FURTHER YOUR AFFIANT SAYETH NOT.**

                                                         /e/ Randall L. Seaver
                                                         Randall L. Seaver

416525

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re: BKY No. 09-50779

Dennis E. Hecker, Chapter 7 Bankruptcy

    Debtor.
_____

Randall L. Seaver, Trustee, ADV Case No. 09-5043

    Plaintiff,

vs.

Dennis E. Hecker,

    Defendant.
_____

**AFFIDAVIT OF DEFAULT, IDENTIFICATION,
MILITARY STATUS AND AMOUNT DUE**

STATE OF MINNESOTA  )
                              ) ss.
COUNTY OF HENNEPIN  )

Matthew R. Burton, being duly sworn on oath, deposes and says:

1. I am one of the attorneys for the Plaintiff in the above-captioned matter, and am authorized to provide legal services to the Plaintiff in this bankruptcy case.

2. No response, Answer, or communication of any kind has been received from Defendant Dennis Hecker ("**Defendant**"), or from any person or entity purporting to act on behalf of such Defendant in this Adversary Proceeding, except that the parties entered into a Stipulation for Extension of Time to Respond to the Complaint on October 19, 2009, which extended the Answer date to November 5, 2009. No Answer was served or filed.

3. This adversary case was commenced on September 22, 2009.

4. The Summons and Complaint were duly served on Defendant by certified mail, return receipt requested, and by first class mail on September 22, 2009.

5. Defendant is not in the military service of the United States, on information and belief, and is not an infant or incompetent person, and said Defendant's last known address is:

Dennis Hecker
1615 Northridge Drive
Medina, MN 55391

6. Affiant states that he has read the Complaint filed in this action and knows the contents thereof, and that the same is true of his own knowledge and belief, based upon reliable hearsay, and that Defendant Dennis Hecker is now indebted to the Plaintiff in the amount set forth in the Complaint.

**FURTHER YOUR AFFIANT SAYETH NOT.**

Dated: March 2, 2010

/e/ Matthew R. Burton
_____
Matthew R. Burton

416524

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:  BKY No. 09-50779

Dennis E. Hecker,  Chapter 7 Bankruptcy

    Debtor.

Randall L. Seaver, Trustee,  ADV Case No. 09-5043

    Plaintiff,

vs.

Dennis Hecker,

    Defendant.

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR JUDGMENT**

This matter came before the undersigned on plaintiff's application for entry of default judgment against defendant Dennis Hecker.

Based upon the application and all of the files and records in this matter, the court makes the following:

**<u>FINDINGS OF FACT</u>**

1. The plaintiff is the trustee in the debtor's case.

2. This bankruptcy case was commenced on June 4, 2009, by the filing of a voluntary Chapter 7 petition.

3. The Summons and Complaint were duly served on defendant by certified mail, return receipt requested, and by first class mail on September 22, 2009.

4. Defendant has failed to answer.

5. Each Schedule C filed by the Debtor asserts an exemption interest of $9,450.00 in household goods and furnishings. The most recent Amended Schedule C asserted an exemption in such items located at 11700 Cross Avenue, Crosslake, MN. That exemption was denied by this court's order of October 28, 2009.

6. The Trustee is entitled to obtain possession of the households goods and furnishings and all other personal property in and around 11700 Cross Avenue, Crosslake, MN so that those items may be liquidated.

7. In addition to other personal property located in and around 11700 Cross Avenue, Crosslake, MN, there is an extensive dock and boat lift system which has substantial value. The Trustee is entitled to possession of the dock and boat lift system so that they may be liquidated.

## CONCLUSIONS OF LAW

1. This court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§157 and 1334. This case arises under 11 U.S.C. §§541.

2. Defendant Dennis Hecker is in default pursuant to Bankruptcy Rule 7055 and Rule 55 of the Federal Rules of Civil Procedure.

## ORDER FOR JUDGMENT

It is hereby ordered**:** that the clerk shall enter an order and judgment in favor of the plaintiff, Randall L. Seaver, trustee, and against defendant Dennis Hecker as follows:

(a) The personal property in and around 11700 Cross Avenue, Crosslake, MN, including the dock and boat lift system, are all property of the bankruptcy estate pursuant to 11 U.S.C. §541.

(b) The defendant is required to surrender that property to the Trustee under 11 U.S.C. §521(a)(4).

2

(c) The trustee is entitled to immediate possession of the personal property, including the dock and boat lift system, in and around 11700 Cross Avenue, Crosslake, MN.

_____          _____

416529